UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

CLAY COUNTY PORT, INC.

      Plaintiff,                      Case No.

v.

M/V ESCAPADE, her engines, tackle,
apparel, etc., *In Rem,*

      Defendant.

_____

## VERIFIED COMPLAINT IN REM

Plaintiff, CLAY COUNTY PORT, INC., also known as Reynolds Industrial Park and Reynolds Park Yacht Center, by and through its undersigned counsel, sues the M/V ESCAPADE, her engines, tackle, apparel, etc., *in rem* in a cause of action for breach of a maritime contract, and with respect to same seeks arrest of the M/V ESCAPADE and its appurtenances pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure and the United States District Court, Middle District of Florida, Admirality and Maritime Practice Manual, and represents upon information and belief as follows:

1.    This Complaint states a claim for relief within the admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and

Maritime Claims. This Court has jurisdiction pursuant to 28 U.S.C. §1333 and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.     Plaintiff, CLAY COUNTY PORT, INC. ("CCP"), is a Virginia corporation with its principal place of business located in Green Cove Springs, Clay County, Florida.

3. At all times material to the allegations herein, Defendant, the M/V ESCAPADE, was and is a United States flag vessel, three story casino cruise ship built in Florida in 1978, 173.8 feet long, with a 38.5 foot beam and 14.0 feet depth, 1,320 gross tons, which is presently within the jurisdiction of the United States District Court for the Middle District of Florida, lying afloat upon navigable waters of the United States at CCP's facility, 1063 Bulkhead Road, Green Cove Springs, Clay County, Florida 32043.

4. The vessel is docked at the downstream side of CCP Pier No. 5.

5. Upon information and belief, Trade Winds Cruise Lines, LLC ("Trade Winds") is the owner of the Defendant vessel.

6. Trade Winds contracted for dockage for the vessel at CCP's facility. CCP and Trade Winds entered into the Docking License Agreement dated December 19, 2016 ("Agreement"), a copy of which is attached hereto as **Exhibit A**.

7. Section 2 of the Agreement sets forth that the charge for dockage is $0.60 per vessel foot per day plus Florida sales tax. The parties agree that dockage would be $109.20 per day based on a length of 182 feet. There is a 10% late fee on payments not made within 15 days of the date of the invoice.

8. Dockage has been provided to the vessel by CCP upon the order of the owner Trade Winds. Payments were made by the owner for a number of months, but the last

2

payment received was on May 4, 2020 as set forth on the March 13, 2023 CCP statement, a copy of which is attached hereto as **Exhibit B**.

9. The dockage provided by CCP to the Defendant vessel was provided on the credit of the vessel.

10. CCP has retained the law firm of Moseley, Prichard, Parrish, Knight & Jones, P.A. to protect its interest hereunder and is responsible for the payment of a reasonable attorney's fee for their services herein. Under the terms of Section 11 of the Agreement, CCP is entitled to recover its expenses and attorney fees incurred in the prosecution of this action.

11. As of the filing of this complaint, CCP is owed the amount of $178,236.97 for dockage and late fees through February 28, 2023 (see **Exhibit B**), which is continuing at the rate of $109.20 per day plus Florida sales tax.

12. A Notice of Default was sent by CCP to Trade Winds on August 19, 2020, on August 31, 2021, and on March 13, 2023. A copy of these letters are attached hereto as **Exhibit C**.

13. Trade Winds is in default of the Agreement, there is no requirement for any additional notice, and Trade Winds has no additional time to cure the default.

14. By reason of the aforestated premises, CCP claims a maritime lien against the Defendant vessel for the dockage provided as herein alleged together with late fees and attorney fees and legal costs incurred by CCP in the prosecution of this action. This action is brought pursuant to the Statutes of the United States, particularly pursuant to 46 U.S.C. § 31301 *et seq.* and the general maritime law of the United States.

3

15.     All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, CCP prays:

a)     That the Clerk shall issue a Warrant for the arrest of the M/V ESCAPADE, her engines, tackle, appurtenances, etc., *in rem*, citing all persons claiming any right, title, or interest therein to appear and answer under oath all and singular the matters aforesaid, and that the said vessel be condemned and sold to pay the amount due CCP as aforesaid, together with costs and attorney's fees of CCP, along with any other relief the Court may deem just and proper; and

b)   That the maritime lien described herein be declared a valid and existing lien upon the M/V ESCAPADE, her engines, tackle, appurtenances, etc., *in rem*, and that upon the sale of the said vessel, that CCP be entitled to the proceeds of such sale equal to said lien, and costs and attorney's fees incurred by CCP in the prosecution of this action; said sale proceeds to be determined after any encumbrance determined to be superior in interest to CCP's lien has been satisfied.

DATED this _15th_ day of March, 2023.

MOSELEY, PRICHARD, PARRISH, KNIGHT & JONES

_____

Richard K. Jones
Florida Bar No. 351008
Eric L. Hearn
Florida Bar No. 0094269
501 West Bay Street
Jacksonville, Florida 32202
(904) 356-1306
(904) 354-0194 Facsimile
E-mail:  rkjones@mppkj.com
         ehearn@mppkj.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF FLORIDA
COUNTY OF CLAY

     The foregoing instrument was acknowledged before me this _15th_ day of March 2023, by P. Ted McGowan, Executive Director of Clay County Port, Inc., a Virginia corporation. He is personally known to me and he affirms that he is authorized to make this affidavit on said Plaintiff's behalf, that he has read the foregoing Complaint and that the information contained therein is true and correct to the best of his knowledge, information and belief.

                     CLAY COUNTY PORT, INC.

                     By: P. Ted McGowan, Executive Director

SWORN TO and subscribed before
me on this 15th day of March, 2023

NOTARY PUBLIC

My commission expires: march 2, 2024

DANA WILLIAMS
NOTARY
My Comm. Expires
March 02, 2024
No. GG 948714
PUBLIC
STATE OF FLORIDA

6