UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

CLAY COUNTY PORT, INC.

    Plaintiff,                                    Case No. 3:23-cv-00292-TJC-JBT

v.

M/V ESCAPADE, her engines, tackle,
apparel, etc., *In Rem*

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST M/V ESCAPADE, IN REM

COMES NOW the Plaintiff, CLAY COUNTY PORT, INC., by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 55(b)(2), Supplemental Admiralty Rules C and E, and the United States District Court Middle District of Florida Admiralty and Maritime Practice Manual Section 3(h), requests the entry of a default judgment by this Court against the Defendant M/V ESCAPADE, her engines, tackle, apparel, etc., *In Rem*, and in support thereof shows unto the Court the following:

1. As set forth in in the Verified Complaint (Document #1) filed on March 15, 2023, Plaintiff claims a maritime lien against the M/V ESCAPADE for dockage

and services incurred for the benefit of the vessel from December 19, 2016, through the day before the vessel was arrested on March 27, 2023.

2. An Order was issued finding that conditions for an action In Rem existed (Document #10) and a Warrant for Arrest was issued by the Clerk. The vessel was located in Clay County, Florida and the Warrant for Arrest was served by the United States Marshal on March 27, 2023. The Court thus obtained In Rem jurisdiction over the Defendant vessel.

3. Plaintiff filed a Motion for Appointment of Substitute Custodian on March 15, 2023. (Document #2). By Order of this Court dated March 16, 2023 (Document #11), Plaintiff was appointed Substitute Custodian for the Defendant Vessel:

    a) Plaintiff set forth in the Motion for Appointment of Substitute Custodian that without a substitute custodian, the Marshal will employ a security guard or custodian to assist the Marshal in the safekeeping of the vessel, the Marshal will be required to pay for dockage and the Marshal will incur costs for other services to be provided to the vessel. The cost of the Marshal's guard service alone will likely exceed $300.00 per day along with $109.20 per day plus Florida sales tax for dockage using the same rate for dockage that the Plaintiff charged before the vessel was arrested.

    b) Plaintiff advised the Court that Plaintiff was willing to serve as substitute custodian and provide security, wharfage, and routine services for the

safekeeping of the vessel at a base daily rate of $217.39 (dockage of $109.20, Florida sales tax of $8.19, and a substitute custodian fee of $100.00) which is substantially less than the cost that would be incurred by the Marshal.

4. Pursuant to Fed. R. Civ. P. 55(a), a default was entered against Defendant M/V ESCAPADE on May 19, 2023, by the Clerk of this Court as a consequence of its failure to plead or otherwise respond in this action (Document #21).

5. No person, entity, or attorney has filed a claim of owner on behalf of the M/V ESCAPADE.

6. The principal amount that is justly due and owing to Plaintiff is $181,289.11 as set forth in the Affidavit of Ted McGowan, Executive Director of the Plaintiff, which is filed herewith.

7. Also filed herewith in support of Plaintiff's Motion for Entry of Final Default Judgment is an Affidavit as to costs executed by Richard K. Jones, Esq., counsel for Plaintiff and an Affidavit as to *custodia legis* expenses executed by Richard K. Jones, counsel for the Plaintiff.

8. Plaintiff is entitled to a judgment for at least the following amounts:

   a) Dockage and services provided to the vessel through March 26, 2023.       $181,289.11

   b) Costs.       $780.03

   c) *Custodia legis* expenses from March 27, 2023, through

June 2, 2023 (the Substitute Custodian charges will continue

to accrue after June 2, 2023 at the rate of $217.39 per day).  $14,782.52

d) Total                                                                                          $196,851.66

WHEREFORE, pursuant to Fed. R. Civ. P. 55(b)(2), Supplemental Admiralty Rules C and E, and the United States District Court Middle District of Florida Admiralty and Maritime Practice Manual Section 3(h), Plaintiff moves this Court for the entry of a judgment for the amount of necessaries provided to the Defendant vessel as set forth in the Complaint and Affidavits, which is $181,289.11, together with costs of $780.03, reimbursement of *custodia legis* expenses of at least $14,782.52 for a total of at least $196,851.66, along with any other relief the Court may find is just and proper.

## MEMORANDUM OF LAW

Rule 55(b) of the Fed. R. Civ. P. provides for the entry of a Judgment by Default when the claim against the Defendant is for a sum certain, or for a sum which can, by computation, be made certain and when the amount due can be supported by an affidavit. Filed herein are three affidavits which set forth the amount claimed as due and owing for necessaries provided to the Defendant vessel, along with costs and attachment expenses incurred on behalf of the Defendant vessel and *custodia legis* expenses.

Under Supplemental Rule C, it is provided that an action *in rem* is available to enforce a maritime lien. 46 U.S.C. §31342 provides that a person providing necessaries to a vessel has a maritime lien on the vessel which may be enforced by a suit *in rem*. "Necessaries" has been loosely defined to include "repairs, supplies, towage and the use of a dry dock or marine railway [and] to include any goods and services 'reasonably needed' in a ship's business for a vessel's continued operation." *Barwil ASCA v. M/V SAVA*, 44 F. Supp. 2d 484, 487 (E.D.N.Y. 1999); *Rosano v. Manhasset Bay Marina, Ltd.*, 870 F. Supp. 2d 322, 325 (E.D.N.Y. 2012).

The Admiralty and Maritime Practice Manual Section 5(o)(2) states that "if costs are awarded to any party, all reasonable expenses paid by the prevailing party incidental to or arising from the arrest or attachment of any vessel, property, and cargo must be taxed as costs." *See SHM Regatta Pointe, LLC v. Cat (In rem)*, 2022 U.S. Dist. LEXIS 207832, *10 (M.D. Fla. Oct. 28, 2022) (directing the clerk to tax the filing fee, U.S. Marshal's fee to arrest and sell the vessel, and publication fees pursuant to 28 U.S.C. §§1920(1) and 1921(a)(1), in addition to awarding *custodia legis* expenses).

Plaintiff, appointed substitute custodian by this Court's order dated March 16, 2023, is entitled to recover its reasonable expenses for serving as the substitute custodian. *See New Orleans Shipping Co. v M/V Key Largo*, 1992 A.M.C. 1555

5

<283>

(E.D. Va. 1992); *Morgan Guarantee Trust Co. of N.Y. v. Hellenic Lines, Ltd.*, 593 F. Supp. 1004 (S.D.N.Y. 1984). *Custodia legis* expenses are allowed for "services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the Court or of an officer of the Court…" *Associated Metals & Minerals Corp. v. Alexander's Unity MV*, 41 F.3d 1007, 1018 (5th Cir. 1995) (citing *General Electric Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982); *New York Dock Co. v. The Poznan*, 274 U.S. 117, 121 (1927)); *see Rybovich Boat Co., LLC v. M/Y Blue Star*, 546 F. Supp. 3d 1270, 1275 (S.D. Fla. 2021). Persons who have furnished custodial services with the approval of the court are entitled to reimbursement from the funds generated from the sale of the vessel. *Turner & Blanchard, Inc. v. The S.S. Emelia*, 322 F.2d 249, 250 (2nd Cir. 1963); *Associated Metals*, 41 F.3d at 1018. All of the expenses enumerated and described in Paragraphs 3 and 8 herein have been incurred by Plaintiff at the direction of the Court or required by the Admiralty and Maritime Practice Manual, and such expenses will greatly aid in creation of the fund which will be generated by the sale of the M/V/ ESCAPADE.

**WHEREFORE**, Plaintiff, CLAY COUNTY PORT, INC., respectfully requests that Final Default Judgment be entered against the M/V ESCAPADE, her engines, tackle, apparel, etc., *in rem*, in the amount of $196,851.66, along with any further relief the Court deems just and proper.

DATED: May _31_, 2023.

                                      Moseley, Prichard, Parrish, Knight & Jones

                                      */s/ Richard K. Jones*
                                      Richard K. Jones
                                      Florida Bar No. 351008
                                      501 West Bay Street
                                      Jacksonville, Florida 32202
                                      (904) 356-1306
                                      (904) 354-0194 Facsimile;
                                      E-mail rkjones@mppkj.com
                                      Secondary e-mail rgonzalez@mppkj.com

                                      ATTORNEYS FOR PLAINTIFF